

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. **3:18CR079** |
| Plaintiff, | : | **JUDGE THOMAS M. ROSE** |
| v. | : | |
| **MICHAEL D. BUSCH, (1)** (Counts 1-2, 5-6, 9-10, 12-18, 25-26, 29-30 & 32-38) | : | **SUPERSEDING INDICTMENT** 7 U.S.C. § 2024(b) 18 U.S.C. § 2 |
| **RANDALL S. BUSCH, (2)** (Counts 1 - 42) | : | 18 U.S.C. § 371 18 U.S.C. § 1343 18 U.S.C. § 1349 |
| **BUSCH'S COUNTRY CORNER, INC., (3)** (Counts 1 & 2) | : | 18 U.S.C. § 1956(a)(1)(A)(i) 18 U.S.C. § 1956(h) **FORFEITURE** |
| Defendants. | : | |

THE GRAND JURY CHARGES THAT:

<u>COUNT 1</u>
[18 U.S.C. § 1956(h)]
(Conspiracy to Commit Money Laundering)

<u>INTRODUCTION</u>

1. The Supplemental Nutrition Assistance Program (SNAP), formerly known as the Food Stamp Program (FSP), is a federally funded national nutrition aid program administered by the United States Department of Agriculture (USDA) through its Food and Nutrition Service (FNS). SNAP is a "means tested" entitlement program intended to alleviate hunger and malnutrition while strengthening the nation's agriculture economy.

2. Between 1939 and 2001, FSP beneficiaries were issued paper coupons as a way to acquire low, or no cost food for themselves and families. In 2001, the FSP transitioned from the

paper coupon system to the current Electronic Benefit Transfer (EBT) system of access devices to distribute benefits. These EBT cards are similar to commercial debit cards.

3. Since the passage of the Food Stamp Act of 1964, (7 U.S.C. §§ 2001 et seq.), the responsibility for the day-to-day administration of the SNAP Program was delegated to individual states. In Ohio, the Department of Job and Family Services (ODJFS) is tasked with administering the program.

4. ODJFS issues SNAP recipients *Ohio Direction EBT* Cards. Each month, SNAP benefits are directly deposited into authorized recipients' EBT card accounts to subsidize food purchases at super markets, convenience stores, and other food retailers including farmers' markets.

5. With the passage of the 2008 Farm Bill, the FSP program was formally replaced by the present SNAP program.

6. Pursuant to the provisions of the Food and Nutrition Act of 2008, SNAP recipients are only permitted to exchange their SNAP benefits for specific "eligible food items." Pursuant to federal regulations, SNAP benefits cannot be exchanged, redeemed or bartered for cash, alcoholic beverages, tobacco, controlled substances, vitamins, medicine, pet food, cleaning products *or any other non-food items*.

7. The FNS issues SNAP vendor authorization licenses to approved retail food stores. These vendor licenses authorize food retailers to sell approved food products to SNAP EBT beneficiaries.

8. SNAP transactions are electronically completed via EBT processing equipment commonly referred to as Point of Sale (POS) devices.

9. POS devices permit authorized retailers to communicate with U.S. Government contractors who operate central computer databases that automatically debit SNAP recipients'

EBT card balances at the time of a food purchase and electronically remit corresponding reimbursements to vendors.

10. SNAP EBT transactions originating in Ohio are processed by a central computer data base operated by *Conduent Government Solutions (Conduent)*, a U.S. Government contractor located in Austin, Texas. *Xerox Total Solutions (XTS)*, previously held this contract with the U.S. Government.

11. During all times relevant to Count 1 of this indictment, defendant, **MICHAEL D. BUSCH** together with a person made known to the Grand Jury and identified as "A.J.B.", owned and operated a meat and poultry retail food store known as **BUSCH'S COUNTRY CORNER, INC.**, dba Busch's Country Corner, (hereinafter referred to as "**BCC**"). Defendant, **BCC**, operated out of the Findlay Market Complex, which is located at 1801 West Elder Street, Stand #1 in Cincinnati, Ohio 45201.

12. From on or about April 1, 2010 and continuing through on or about May 10, 2018, both dates being approximate and inclusive, while in the Southern District of Ohio and elsewhere, defendants, **MICHAEL D. BUSCH, RANDALL S. BUSCH,** and **BCC** together with A.J.B. and other individuals, both known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree by and between themselves, to commit and engage in fraudulent SNAP EBT trafficking that affected interstate commerce involving property which represented criminal proceeds and profits of certain unlawful activity, and by doing so, engaged in financial transactions that, in fact involved the proceeds of specified unlawful activity, with the intent to promote the carrying on of certain specified unlawful activities, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and 18 U.S.C. § 2.

## OBJECTS OF THE CONSPIRACY

13. It was an object of the conspiracy that certain fraudulent SNAP EBT financial transactions be completed knowing that the associated property and money represented criminal proceeds and profits from specified unlawful activities to include: wire fraud in violation of 18 U.S.C. § 1343; SNAP benefits trafficking in violation of 7 U.S.C. § 2024(b); and money laundering in violation of 18 U.S.C. § 1956(a)(1).

14. It was further an object of the conspiracy that certain fraudulent SNAP EBT financial transactions be completed with the intent to promote the carrying on of acts of wire fraud in violation of 18 U.S.C. § 1343; SNAP benefits trafficking in violation of 7 U.S.C. § 2024(b); theft of U.S. Government Property in violation of 18 U.S.C. § 641; and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

15. It was further an object of the conspiracy for the conspirators to enjoy the benefits of said criminal proceeds generated through their individual and corporate conspiratorial activities while simultaneously insulating themselves from detection by law enforcement and prosecution authorities.

## THE MANNER AND MEANS

16. During all times relevant to Count 1 of this indictment, defendants, **MICHAEL D. BUSCH** and **BCC**, together with A.J.B., maintained bank account number xxxx-9510 at MainSource Bank to further the aforesaid objects of the conspiracy.

17. Beginning on or about April 29, 2010, and continuing until at least May 10, 2018, defendant **MICHAEL D. BUSCH** together with A.J.B., held signature authority over said bank account which was opened under the name "Busch's Country Corner, Inc."

18. On or about December 26, 1996, defendant **MICHAEL D. BUSCH** prepared and submitted **BCC**'s initial *"Food Stamp Program Application for Stores"* to the FNS. This

4

application reflected he was "the Store Manager" and was the "individual with primary on-site responsibility for daily operations of the business."

19. On or about January 17, 1997, the FNS approved **BCC**'s application and issued it SNAP Vendor Authorization No. 2621371.

20. As part of this initial authorization application process, FNS officials conducted an on-site visit to the **BCC** business premises. During this visit, FNS officials provided defendant **MICHAEL D. BUSCH** with a detailed briefing outlining all relevant SNAP rules, regulations, procedures and policies. FNS officials additionally provided him with an assortment of printed SNAP training manuals designed to ensure BCC's future compliance with all SNAP rules and requirements.

21. On or about June 19, 2000, defendant **MICHAEL D. BUSCH** prepared and submitted a "*Food Stamp Program Application for Stores-Reauthorization.*" In this reapplication defendant **MICHAEL D. BUSCH** and A.J.B. were listed as the owners of **BCC**. During this re-authorization process, FNS officials once again conducted an on-site visit to the **BCC** business premises. Defendant **MICHAEL D. BUSCH** once again received a detailed FNS briefing outlining all relevant SNAP rules, regulations, procedures and policies. FNS officials additionally provided him with an assortment of printed SNAP training manuals designed to ensure **BCC**'s future compliance with all SNAP rules and requirements.

22. On or about May 12, 2004, and February 27, 2008, FNS officials telephonically reauthorized **BCC** as a "Specialty Food (SF)" store. The customary FNS on-site store visit requirement was waived due in-part to **BCC**'s lengthy history as an authorized SNAP vendor.

23. On or about April 29, 2008, defendant **MICHAEL D. BUSCH** prepared and submitted a "*Food Stamp Program Application for Stores.*" In this application, he listed himself as **BCC**'s owner and "sole proprietor".

24. On or about March 7, 2011, **BCC** filed for its *Initial Articles of Incorporation* with the Ohio Secretary of State's Office. In this filing, A.J.B. was listed as **BCC**'s statutory agent.

25. On or about April 1, 2011, FNS officials once again conducted an on-site visit to **BCC**'s business premises. During this visit, defendant **MICHAEL D. BUSCH** received a detailed briefing from FNS officials regarding all relevant SNAP rules, regulations, procedures and policies. He was additionally provided access to relevant internet websites maintained by both the USDA and the FNS.

26. On or about April 28, 2011, defendant **MICHAEL D. BUSCH** prepared and submitted a "*Supplemental Nutrition Assistance Program Application for Stores.*" This application listed defendant **MICHAEL D. BUSCH** and A.J.B. as the owners of **BCC**.

27. On or about March 26, 2017, A.J.B. prepared and submitted a "*Supplemental Nutrition Assistance Program Reauthorization Application for Stores.*" In this application both defendant **MICHAEL D. BUSCH** and A.J.B. were listed as the owners of **BCC**.

28. By completing said forms, defendant **MICHAEL D. BUSCH** and A.J.B. both certified as to accuracy of all the information provided, and agreed to be held personally liable for any and all future illegal and/or fraudulent SNAP related activities committed by any **BCC** employee or representative.

29. On or about April 29, 2010, A.J.B. completed, signed and filed a *merchant processing application and agreement* with Omega Processing Solutions, LLC. By filing this document, **BCC** sought authorization to process all of its future SNAP EBT and commercial credit card transactions through *Omega*. In this form, she described listed herself as **BCC**'s owner. As part of this application, A.J.B. provided *Omega* with a photocopy of **BCC**'s FNS vendor authorization license and number, and further designated its MainSource Bank account number xxxx-9510 as the sole repository for all future SNAP EBT wire transfer redemption deposits.

6

30. During all times relevant to Count 1 of this indictment, A.J.B. served as **BCC**'s primary book keeper.

31. Beginning in January 2010 and continuing at least until May 10, 2018, defendants, **MICHAEL D. BUSCH, RANDALL S. BUSCH,** and **BCC**, together with A.J.B., have engaged in a pattern, practice and conspiracy of illicit SNAP EBT trafficking by exchanging cash for SNAP benefits contrary to federal law and 7 C.F.R. § 271.1.

32. During all times relevant to Count 1 of this indictment, *Conduent*, and/or *XTS* authorized and directed interstate electronic wire transfers of U.S. Government SNAP redemption funds into **BCC**'s MainSource Bank number xxxx-9510.

33. From on or about October 2010 and continuing until on or about March, 2018, both dates being approximate and inclusive, defendants, **MICHAEL D. BUSCH, RANDALL S. BUSCH,** and **BCC**, together with A.J.B., and other unnamed co-conspirators, directly and indirectly caused in excess of 195,113 individual SNAP EBT transactions to be completed by **BCC**, which represent approximately $5,413,629.16 in total value. This amount was deposited, via interstate wire transfers, into **BCC**'s MainSource Bank account number xxxx-9510.

34. Between in or about October 2010 and in or about March 2018, approximately 64% of all of **BCC**'s aforesaid SNAP EBT transactions were fraudulent. These fraudulent SNAP EBT transactions resulted in *Conduent* and *XTS* causing approximately $3,450,960.00 in interstate money wire transfers of U.S. Government funds being therefore deposited into **BCC**'s said MainSource Bank account number xxxx-9510.

All in violation of 18 U.S.C. § 1956(h).

//

//

//

## COUNT 2
## [18 U.S.C. §§ 371 and 1349]
## (Conspiracy)

35. The Grand Jury hereby reiterates all allegations contained in paragraphs 1 – 34 of this indictment as if they were fully reproduced herein.

36. From on or about January 2010 and continuing through on or about May 10, 2018, both dates being approximate and inclusive, while in the Southern District of Ohio, and elsewhere, defendants **MICHAEL D. BUSCH, RANDALL S. BUSCH,** and **BCC** together with A.J.B., and other individuals, both known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree by and between themselves, to accomplish a common unlawful plan, scheme and artifice to defraud the U.S. Government of money, benefits and property through the use of false and fraudulent pretenses, representations and promises, by unlawfully acquiring, possessing and using SNAP EBT access devices and associated personal recipient data to gain SNAP benefits, moneys and reimbursements.

37. During the said time frame as set forth in paragraph 36 above, while in the Southern District of Ohio and elsewhere, defendants **MICHAEL D. BUSCH, RANDALL S. BUSCH,** and **BCC** together with A.J.B. and other individuals, both known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree by and between themselves, to commit certain offenses against the United States to include:

   a. Illegally acquire, possess, use and otherwise traffic in SNAP benefits in violation of 7 U.S.C. § 2024(b);

   b. Steal and convert U. S. Government property in violation of 18 U.S.C. § 641;

   c. Submit False Claims to the United States in violation of 18 U.S.C. § 287; and

   d. Engage in acts of wire fraud in violation of 18 U.S.C. § 1343.

8

## OBJECTS OF THE CONSPIRACY

38. It was an object of the conspiracy for the conspirators to illegally acquire, possess, use and otherwise traffic in SNAP benefits obtained through EBT access devices issued to authorized SNAP recipients.

39. It was further an object of the conspiracy for the conspirators to submit false SNAP reimbursement claims to the U.S. Government and its contractors.

40. It was further an object of the conspiracy for the conspirators to devise a fraudulent scheme and artifice to defraud, steal and convert U. S. Government money and property by means of false and fraudulent pretenses, representations and promises through the use of interstate wire and electronic communications for the purpose of executing said scheme.

41. It was further an object of this conspiracy for the conspirators to conceal, disguise and insulate their respective roles in carrying out aforesaid criminal scheme from federal and state regulatory authorities, law enforcement officials and prosecution authorities.

## THE MANNER AND MEANS OF THE CONSPIRACY

42. The Grand Jury hereby reiterates the allegations contained in paragraphs 1 – 34 and 36 - 41 of this indictment as if they were fully reproduced herein.

## OVERT ACTS

43. In furtherance of this conspiracy, and to effect the objects thereof, at least one conspirator knowingly committed one of the following overt acts while in the Southern District of Ohio:

    a. Between on or about April 1, 2010 and May 10, 2018 defendants **MICHAEL D. BUSCH** and **RANDALL S. BUSCH** operated a meat and poultry retail food store known as Busch's Country Corner, Inc., dba Busch's Country Corner (hereinafter referred to as "**BCC**") at the Findlay Market Complex located at 1801 West Elder Street, Stand #1 in Cincinnati, Ohio 45201.

b. Between on or about April 1, 2010 and May 10, 2018 defendant **MICHAEL D. BUSCH** together with A.J.B. opened and maintained MainSource Bank account number xxxx-9510 as a repository for **BCC**'s SNAP EBT wire transfer redemption deposits.

c. Between on or about April 1, 2010 and May 10, 2018 defendant **MICHAEL D. BUSCH** together with A.J.B. maintained signatory authority over said MainSource Bank account number xxxx-9510.

d. Between on or about April 1, 2010 and May 10, 2018 A.J.B. served as the primary bookkeeper for **BCC**.

e. Between on or about April 1, 2010 and May 10, 2018 defendant **MICHAEL D. BUSCH** maintained and operated a POS machine at the aforesaid **BCC** business premises for the purpose of processing SNAP EBT food purchase and sale transactions.

f. On or about March 7, 2011, A.J.B. caused to be filed with the Ohio Secretary of State's Office located in Columbus, Ohio, an *Initial Articles of Incorporation* to be filed on behalf of **BCC**.

g. On or about April 1, 2011, defendant **MICHAEL D. BUSCH** met with FNS representatives at the **BCC** business premises to receive a detailed briefing on relevant SNAP rules, regulations, procedures and policies in conjunction with **BCC** being licenses as an authorized SNAP vendor.

h. On or about April 28, 2011, defendant **MICHAEL D. BUSCH** caused to be prepared, and filed with the FNS a *Supplemental Nutrition Assistance Program Reauthorization Application for Stores* on behalf of **BCC**.

i. On or about March 26, 2017, A.J.B. caused to be prepared, and filed with the FNS a *Supplemental Nutrition Assistance Program Application for Stores* on behalf of **BCC**.

j. On or about April 29, 2010, A.J.B. caused to be prepared, and filed with the Omega Processing Solution, LLC a *Merchant Processing Application and Agreement* in order to process SNAP EBT and commercial credit card transaction completed by **BCC**. Supplemental Nutrition Assistance Program Application for Stores on behalf of **BCC**.

k. Between on or about October 2010 and March 2018, defendants **MICHAEL D. BUSCH, RANDALL S. BUSCH** together with A.J.B. directly and indirectly caused in excess of 195,113 individual SNAP EBT transactions to be completed by **BCC**.

10

l.  Between on or about October 2010 and March 2018, defendants **MICHAEL D. BUSCH, RANDALL S. BUSCH** together with A.J.B. directly and indirectly caused approximately $5,413,629 in **BCC** SNAP EBT redemptions to be deposited in MainSource Bank account number xxxx-9510.

All in violation of 18 U.S.C. §§ 371 and 1349.

## COUNTS 3 – 22
### [7 U.S.C. § 2024(b) and 18 U.S.C. § 2]
### (SNAP FRAUD)

44.  On or about the dates set forth in the schedule below, while in the Southern District of Ohio, and elsewhere, defendants **MICHAEL D. BUSCH** and **RANDALL S. BUSCH**, as listed below, did knowingly acquire, possess, use and traffic SNAP EBT devices as defined by 7 U.S.C. § 2012 (a) and (i), each having a value of $100 or more, in a manner not authorized by 7 U.S.C., Chapter 51 and the regulations issued pursuant thereto (7 C.F.R. §§ 271-285), in that they knowingly and unlawfully accepted SNAP benefits on behalf of BCC, an authorized retail food store in return for U.S. currency:

| Count | Date | EBT Beginning Balance | EBT Ending Balance | EBT Card Tendered | Defendant(s) |
|---|---|---|---|---|---|
| 3 | 5/25/17 | $1,067.64 | $52.64 | #5446 | R.S.B. |
| 4 | 6/1/17 | $328.05 | 0 | #1881 | R.S.B. |
| 5 | 6/16/17 | $1,007.64 | $2.64 | #5446 | R.S.B. & M.D.B. |
| 6 | 6/16/17 | $350.00 | 0 | #9441 | R.S.B. & M.D.B. |
| 7 | 6/27/17 | $452.64 | .04 | #5446 | R.S.B. |
| 8 | 6/27/17 | $200.00 | 0 | #9441 | R.S.B. |
| 9 | 7/13/17 | $900.00 | $11.00 | #3599 | R.S.B. & M.D.B. |
| 10 | 7/13/17 | $1,300.00 | $11.00 | #2069 | R.S.B. & M.D.B. |
| 11 | 7/27/17 | $600.04 | $5.04 | #5446 | R.S.B. |
| 12 | 9/7/17 | $355.04 | .04 | #5446 | R.S.B. & M.D.B. |

| 13 | 9/7/17   | $300.00   | $1.35 | #9441 | R.S.B. & M.D.B. |
| -- | -------- | --------- | ----- | ----- | --------------- |
| 14 | 12/12/17 | $650.04   | $1.59 | #5446 | R.S.B. & M.D.B. |
| 15 | 12/12/17 | $1,051.35 | $2.35 | #9441 | R.S.B. & M.D.B. |
| 16 | 2/27/18  | $911.00   | $1.00 | #2069 | R.S.B. & M.D.B. |
| 17 | 2/27/18  | $911.00   | $1.00 | #3599 | R.S.B. & M.D.B. |
| 18 | 2/27/18  | $952.35   | $7.35 | #9441 | R.S.B. & M.D.B. |
| 19 | 3/7/18   | $1,289.95 | 0     | #5446 | R.S.B.          |
| 20 | 4/19/18  | $733.09   | $8.09 | #1881 | R.S.B.          |
| 21 | 4/19/18  | $338.84   | $3.84 | #4956 | R.S.B.          |
| 22 | 4/19/18  | $425.00   | $4.00 | #5676 | R.S.B.          |

In violation of 7 U.S.C. § 2024(b) and 18 U.S.C. § 2.

### COUNTS 23 - 42
### [18 U.S.C. §§ 1343 and 2]
### (WIRE FRAUD)

45. The Grand Jury hereby reiterates the allegations contained in paragraphs 1 – 34 and 36 - 41 of this indictment as if they were fully reproduced herein.

46. On or about the dates set forth in the schedule below, while in the Southern District of Ohio, and elsewhere, having devised a scheme and artifice to defraud the SNAP program of money and property by means of materially false and fraudulent pretenses, representations and promises, by unlawfully acquiring, possessing, bartering and using a SNAP EBT access device, defendants **MICHAEL D. BUSCH** and **RANDALL S. BUSCH, JR.,** for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud did knowingly cause to be electronically transmitted in interstate commerce from a point of sale device maintained at BCC's business premises located in Cincinnati, Ohio by means of wire communications, certain signs,

signals and sounds to a central computer data base maintained by *Conduent* and/or *XTS*, a U.S. Government contractor located in Austin, Texas.

| Count | Date | EBT Beginning Balance | EBT Ending Balance | EBT Card Tendered | Defendant(s) |
|---|---|---|---|---|---|
| 23 | 5/25/17 | $1,067.64 | $52.64 | #5446 | R.S.B. |
| 24 | 6/1/17 | $328.05 | 0 | #1881 | R.S.B. |
| 25 | 6/16/17 | $1,007.64 | $2.64 | #5446 | R.S.B. & M.D.B. |
| 26 | 6/16/17 | $350.00 | 0 | #9441 | R.S.B. & M.D.B. |
| 27 | 6/27/17 | $452.64 | .04 | #5446 | R.S.B. |
| 28 | 6/27/17 | $200.00 | 0 | #9441 | R.S.B. |
| 29 | 7/13/17 | $900.00 | $11.00 | #3599 | R.S.B. & M.D.B. |
| 30 | 7/13/17 | $1,300.00 | $11.00 | #2069 | R.S.B. & M.D.B. |
| 31 | 7/27/17 | $600.04 | $5.04 | #5446 | R.S.B. |
| 32 | 9/7/17 | $355.04 | .04 | #5446 | R.S.B. & M.D.B. |
| 33 | 9/7/17 | $300.00 | $1.35 | #9441 | R.S.B. & M.D.B. |
| 34 | 12/12/17 | $650.04 | $1.59 | #5446 | R.S.B. & M.D.B. |
| 35 | 12/12/17 | $1,051.35 | $2.35 | #9441 | R.S.B. & M.D.B. |
| 36 | 2/27/18 | $911.00 | $1.00 | #2069 | R.S.B. & M.D.B. |
| 37 | 2/27/18 | $911.00 | $1.00 | #3599 | R.S.B. & M.D.B. |
| 38 | 2/27/18 | $952.35 | $7.35 | #9441 | R.S.B. & M.D.B. |
| 39 | 3/7/18 | $1,289.95 | 0 | #5446 | R.S.B. |
| 40 | 4/19/18 | $733.09 | $8.09 | #1881 | R.S.B. |
| 41 | 4/19/18 | $338.84 | $3.84 | #4956 | R.S.B. |

| 42 | 4/19/18 | $425.00 | $4.00 | #5676 | R.S.B. |

In violation of 18 U.S.C. §§ 1343 and 2.

## FORFEITURE ALLEGATION 1

Upon conviction of the offense set forth in Count 1 of this Indictment, defendants, **MICHAEL D. BUSCH, RANDALL S. BUSCH,** and **BCC**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to (the "subject property"):

   a. $182,971.00 in U.S. Currency;

   b. $12,688.00 in U.S. Currency;

   c. Contents of MainSource Bank, Division of First Financial Bank, Account No. xxx9510 in the amount of $52,555.84;

   d. Contents of MainSource Bank, Division of First Financial Bank, Account No. xxx7566 in the amount of $23,020.03;

   e. Contents of MainSource Bank, Division of First Financial Bank, Account No. xxx9405 in the amount of $1,561.24;

   f. 2016 Dodge Charger, VIN 2C3CDXHG6GH214657;

   g. 2015 KTM 85 Moto Cross, VIN VBKMXC235FM011064;

   h. 2014 Mazda 3, VIN JM1BM1U79E1167923;

   i. 2013 GMC Denali, VIN 1GT125E81DF179761; and

   j. 2012 Nissan Murano, VIN JN8AZ1MW4CW210167.

## FORFEITURE ALLEGATION 2

Upon conviction of the offense set forth in Count 2 of this Indictment, defendants, **MICHAEL D. BUSCH, RANDALL S. BUSCH,** and **BCC**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, and defendants shall forfeit

to the United States, pursuant to 7 U.S.C. § 2024(f), for violating 18 U.S.C. § 371 and 7 U.S.C. § 2024(b), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, such violation, or proceeds traceable to such violation, including but not limited to, the subject property set forth above.

## FORFEITURE ALLEGATION 3

Upon conviction of one or more of the offenses set forth in Counts 3 through 22 of this Indictment, defendants, **MICHAEL D. BUSCH** and **RANDALL S. BUSCH**, shall forfeit to the United States, pursuant to 7 U.S.C. § 2024(f), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, such violation(s), or proceeds traceable to such violation(s).

## FORFEITURE ALLEGATION 4

Upon conviction of one or more of the offenses set forth in Counts 3 through 42 of this Indictment, defendants, **MICHAEL D. BUSCH** and **RANDALL S. BUSCH**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s).

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of defendants, up to the value of the property described above.

            A TRUE BILL

            S/
            FOREMAN

BENJAMIN C. GLASSMAN
United States Attorney

*Dwight K. Keller*
DWIGHT K. KELLER (0074533)
Assistant United States Attorney