IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18-cr-79 |
| | : | |
| Plaintiff | : | Hon. Thomas M. Rose |
| | : | |
| v. | : | |
| | : | **MOTION TO DISMISS/MOTION** |
| MICHAEL D. BUSCH, et al. | : | **FOR A BILL OF PARTICULARS** |
| | : | |
| Defendants | : | |

Now come Defendants, Michael D. Busch ("MDB") and Busch's Country Corner, Inc. ("BCC") and hereby move to dismiss Counts 1-2, 25-26, 29-30, and 32-38 of the Superseding Indictment, or in the alternative, for a Bill of Particulars. The reasons for this Motion are set forth in the attached Memorandum in Support.

Respectfully submitted,

*/s/ Benjamin G. Dusing*
Benjamin G. Dusing (0078572)
Stephanie Kessler (0092338)
FARUKI IRELAND COX RHINEHART &
DUSING PLL
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0300
Email: bdusing@ficlaw.com
　　　　skessler@ficlaw.com

Attorneys for Michael D. Busch and Busch's Country Corner, Inc.

**MEMORANDUM IN SUPPORT**

I.        **INTRODUCTION**

The grand jury returned a multi-count Indictment on June 12, 2018 ("Original Indictment"). Defendants MDB and BCC were charged with conspiracy to commit money laundering (18 U.S.C. § 1956(h)) and conspiracy to defraud the United States and to commit certain offenses against the United States (18 U.S.C. §§ 371 and 1349). MDB is further charged with multiple counts of SNAP fraud (7 U.S.C. § 2024(b)), and multiple counts of wire fraud (18 U.S.C. § 1343). The Original Indictment also included multiple forfeiture allegations.

Defendants MDB and BCC filed a Motion to Dismiss or for a Bill of Particulars on July 18, 2018 ("Original Motion to Dismiss"). [Doc. #23]. A response to the Original Motion to Dismiss was due August 8, 2018, however, the government failed to file a response. Instead, on August 14, 2018, sought and obtained a Superseding Indictment. *See* Superseding Indictment [Doc. #30]. The Superseding Indictment differs from the Original Indictment in only one respect: the word "materially" was added to ¶ 46. *Id.* at ¶ 46. If the government's goal in seeking the Superseding Indictment was to remedy the issues raised in the Motion to Dismiss, the government has failed. For the reasons stated more fully below, all of the issues raised in the Original Motion to Dismiss are still applicable to the Superseding Indictment.

Specifically, Counts 1 (Conspiracy to Commit Money Laundering), 2 (Conspiracy), and 25-26, 29-30, 32-38 (Wire Fraud) of the Superseding Indictment should be dismissed. First, Count 2 is duplicitous and should be dismissed outright. Second, the Superseding Indictment fails to state an offense as to the wire fraud counts against MDB. Finally, the Superseding Indictment lacks the constitutionally required specificity as to all of the specified counts.

**II.      LAW AND ARGUMENT**

A defendant may bring a motion to dismiss under Rule 12 in order to assert, *inter alia,* defects in instituting the prosecution or a defect in the indictment. *Id.* If the court finds that "the indictment is legally deficient, the proper result is dismissal of the indictment." *United States v. Landham,* 251 F.3d 1072, 1080 (6th Cir. 2001).

      A.      <u>Count 2 (Conspiracy) is Duplicitous and Should be Dismissed</u>

An indictment must not be duplicitous, meaning that it may not join in a single count, two or more distinct and separate offenses. See *United States v. Hixon*, 987 F.2d 1261, 1265 (6th Cir. 1993) (citing *United States v. Duncan*, 850 F.2d 1104, 1108-09 n.4 (6th Cir. 1988)). A duplicitous indictment is not permitted because when two offenses are charged under a single count it is impossible to know whether the jury's verdict as to that count is as to one offense, or both. *Id*. Consequently, there is no way to know whether the verdict was unanimous, as required[1], as to each separate offense. *See United States v. Duncan*, 850 F.2d at 1108 n.4. Additionally, a duplicitous indictment may result in improper notice of the charges against the defendant, and prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, and in exposure to double jeopardy. *Id*.

In this case, Count 2 alleges violations of two separate conspiracy statutes - 18 U.S.C. § 371 and 18 U.S.C. § 1349. Alleging a conspiracy under both 18 U.S.C. § 371 and 18 U.S.C. § 1349 in a single count is impermissibly duplicitous. *See United States v. Barrington*, 648 F.3d 1178, 1189-90 (11th Cir. 2011). If the government were permitted to proceed on Count 2 as

---

[1] A federal jury must return a unanimous verdict in order to convict a criminal defendant. *See* Fed. R. Crim. P. 31(a); *United States v. Pratt*, No. 16-5261, 2017 U.S. App. LEXIS 13785 at *13 (6th Cir., July 26, 2017); *United States v. Ford*, 872 F.2d 1231, 1237 (6th Cir. 1989).

3

charged in the Superseding Indictment, many of the problems recognized by the Sixth Circuit in *Duncan* would occur. For example, if the Defendants were found guilty as to Count 2, there would be no way to know whether the verdict was based on one or both of the conspiracy statues, or whether the verdict was unanimous as to either or both of the statutes. This unknown also creates double jeopardy problems. Further, if the Court cannot ascertain under which statute the Defendants were convicted, there will be tremendous risk that the Court could impose a sentence beyond the statutory maximum for the actual crime of conviction. This issue is of particular concern in this case because there is such a wide disparity in the statutory maximum sentence for the two statutes (5 years for § 371 and 20 years for § 1349). Accordingly, Count 2 should be dismissed as impermissibly duplicitous.

        B.      <u>The Superseding Indictment Fails to State an Offense as to Counts 25-26, 29-30, and 32-38 (Wire Fraud)</u>

Pursuant to Fed. R. Crim. P. 7(c)(1), "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." An indictment is constitutionally sufficient if it: (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend"; and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Apart from protecting the rights of the accused, the constitutional requirements of a valid indictment further "inform[s] the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction…" *Russell v. United States*, 369 U.S. 749, 768 (1962).

Counts 25-26, 29-30, and 32 through 38 do not contain the elements of the offense charged and are, therefore, constitutionally deficient. In these counts, MDB is charged with wire

4

fraud in relation to certain SNAP EBT transactions. The elements of wire fraud are: (1) that the defendant devised or knowingly participated in a scheme to defraud in order to obtain money or property; (2) that the scheme included material misrepresentations or concealment of a material fact; (3) that the Defendant had the intent to defraud; and (4) that the defendant used wires in interstate commerce in furtherance of the scheme. *See Neder v. United States,* 527 U.S. 1 (1999); *United States v. Gold Unlimited, Inc.,* 177 F.3d 472 (6th Cir. 1999); *United States v. Frost,* 125 F.3d 346 (6th Cir. 1999).

Materiality of the alleged falsehood(s) is a required element of wire fraud. *See Neder v. United States,* 527 U.S. at 24 (holding that materiality of falsehood is an element of the wire fraud statute). Because materiality is an element of wire fraud, materiality must be alleged in the indictment. *See United States v. Omer,* 395 F.3d 1087, 1089 (9th Cir. 2005); *United States v. Grace,* 429 F. Supp.2d 1207, 1246 (D. Mon. 2006). Failure to allege materiality is a fatal flaw requiring dismissal. *See United States v. Omer,* 395 F.3d at 1089 (reversing a judgment of conviction because the district court erred in denying defendant's motion to dismiss indictment that failed to allege materiality); *United States v. Grace,* 429 F. Supp.2d at 1246 (granting motion to dismiss due to lack of materiality allegation).

Counts 25-26, 29-30, and 32-38 do not properly allege materiality. The addition of the word "materially" in the Superseding Indictment does not cure this defect. As noted by the Supreme Court in *Neder*, materiality *of the alleged falsehood* is the required element. *Neder*, 527 U.S. at 24. The materiality requirement requires that the governemtn allege flasehoods, and that those falsehoods are material to the alleged scheme. Although the Superseding Indictment does include the word "materially" in Counts charging wire fraud, the element of materiality is still not satisfied. The Superseding Indictment now contains the phrase "materially false and

5

fraudulent pretenses," however, it fails to allege what statements or concealments were actual falsehoods and how those falsehoods are specifically material to the scheme. There are no facts alleged in the Superseding Indictment with respect to a material falsehood, consequently, the Superseding Indictment, with respect to Counts 25-26, 29-30, and 32-38, is constitutionally insufficient.

In addition, Counts 25-26, 29-30, and 32-38 fail to allege that the wires in question were in furtherance of the alleged scheme. As set forth above, it is a required element of wire fraud that the wire transactions be in furtherance of the scheme to defraud. Absent allegations to that effect, the Superseding Indictment fails to state a wire fraud offense and those counts should be dismissed. *See United States v. Maze,* 414 U.S. 395, 399-400 (1974); *United States v. Webb,* 24 F. Supp.3d 432, 438 (M.D. Pa. 2014).

   C. <u>The Superseding Indictment Lacks the Required Specificity as to Counts 1-2, 25-26, 29-30, and 32-38</u>

An indictment must be specific enough that the defendant knows what he is charged with and how to defend himself. *See United States v. Levinson*, 405 F.2d 971, 977 (6th Cir. 1968) ("First, an indictment must inform the accused of the nature of the charges against him, with such specificity and particularity that the accused is enabled to undertake and prepare an adequate defense.") (citing *United States v. Debrow*, 346 U.S. 374 (1953); *Hagner v. United States*, 285 U.S. 427 (1932); *Russell v. United States*, 369 U.S. 749 (1962); *Hamling v. United States*, 418 U.S. 87 (1974)) ("Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.") (internal citations omitted).

6

In some instances, a Bill of Particulars can be used to cure a lack of specificity.[2] The purpose of a Bill of Particulars is to provide the defendant with sufficient notice of the charges against him so that he can prepare an adequate defense, to minimize surprise to the defendant at trial, and to enable the defendant to plead double jeopardy in the event of a subsequent prosecution. *See United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Carlock,* 806 F.2d 535, 550 (5th Cir. 1986); *United States v. Perez,* 489 F.2d 51, 70-71 (5th Cir. 1973). A Bill of Particulars fulfills this function when the indictment itself is too vague and indefinite for such purposes. *See United States v. Addonizio,* 451 F.2d 49, 63-64 (3rd Cir. 1971); *United States v. Sanchez,* No. CR-2-90-101, 1991 U.S. Dist. LEXIS 21903 (E.D. Tenn., Feb., 22, 1991). The question is not merely whether the indictment provides the defendant with notice, but whether there is sufficient information to allow the defendant to defend against it. *See United States v. Bortnovsky,* 820 F.2d 572, 574-575 (2nd Cir. 1987) (holding that the defendant was hindered in preparing his defense by the district court's failure to order a Bill of Particulars to compel the government to reveal crucial information, including specific dates of alleged crimes and the specific documents that were allegedly fraudulent and that such a denial had the effect of impermissibly shifting the burden of proof to the defendant). The right of a criminal defendant to be sufficiently apprised of the charges against him so as to be able to defend himself and his right to be free from multiple prosecutions for the same offense are basic constitutional rights. U.S. Const. amend. V; U.S. Const. amend. VI. *See e.g. Rosen v. United States,* 161 U.S. 29, 40 (1896) (noting that the constitutional right of a defendant to be informed of the nature and cause of the accusation against him entitles him to apply for a Bill of Particulars).

---

[2] It is a settled rule that a bill of particulars, however, cannot save an invalid indictment. *See Russell v. United States,* 369 U.S. 749, 770 (1962). An indictment cannot be amended except by resubmission to the grand jury, unless the change is merely a matter of form. *Id.*

1. Count 1 should be dismissed because it lacks the required specificity

In Count 1 of the Superseding Indictment, MDB and BCC are charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The elements of conspiracy to commit money laundering are: (1) that two or more persons conspired to commit the crime of money laundering; and (2) the defendant knowingly and voluntarily joined the conspiracy. *See United States v. Harrison*, 663 F. App'x 460, 465 (6th Cir. 2016) (citing *United States v. Prince*, 618 F.3d 551, 553-54 (6th Cir. 2010)).

The Superseding Indictment states that the Defendants "engaged in financial transactions that, in fact, involved the proceeds of specified unlawful activity, with the intent to promote the carrying on of certain specified unlawful activities, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2." The type of money laundering alleged is referred to as "promotional money laundering" - meaning that the defendant conducted a financial transaction that involved the proceeds of unlawful activity, knowing that the property involved was proceeds of unlawful activity, and intended to promote that unlawful activity." *See United States v. Miller*, 562 Fed. App'x 272, 296 (6th Cir. 2014). The "paradigmatic" example of this crime is a drug dealer using proceeds from one transaction to buy more drugs to sell. *Id.* (citing *United States v. Warshak,* 631 F.3d 266, 317 (6th Cir. 2010)).

The Superseding Indictment, however, is completely devoid of any facts regarding how any alleged proceeds of unlawful activity were used to "promote" that unlawful activity. In fact, there are no specific allegations at all as to how the alleged proceeds of unlawful activity were used at all, let alone in promotion of further unlawful activity. The lack of specificity in this regard is especially problematic in this case because when proceeds of minor fraudulent

transactions are used to pay the operating expenses of an otherwise legitimate business, there is no promotional money laundering. *See United States v. Miles,* 360 F.3d 472, 477 (5th Cir. 2004); *United States v. Martinelli*, 454 F.3d 1300, 1318 (11th Cir. 2006). Absent any specific factual allegations regarding the use of the funds and how that use was supposedly in promotion of further unlawful activity, MDB and BCC cannot "undertake and prepare an adequate defense." As such, the Superseding Indictment is constitutionally defective as to Count 1 and Count 1 should be dismissed. In the event the Court finds dismissal inappropriate at this juncture, it should at least require a Bill of Particulars.

2. Count 2 should be dismissed because it lacks the required specificity

In Count 2 of the Superseding Indictment, MDB and BCC are charged with conspiracy under both 18 U.S.C. § 371 and 18 U.S.C. § 1349. The Superseding Indictment, however, is wholly deficient as to what exactly MDB and BCC supposedly did in violation of federal law. As to the "manner and means" of the alleged conspiracy/conspiracies the Superseding Indictment refers back to the same "manner and means" set forth in Count 1. *See* Superseding Indictment [Doc. #30] at ¶ 42. Nowhere does the Superseding Indictment actually specify any unlawful actions as to MDB and BCC.

As to Count 2, the Superseding Indictment contains the following generic allegations as to manner and means of the alleged conspiracy:

> Beginning in January 2010 and continuing at least until May 10, 2018, defendants… have engaged in a pattern, practice and conspiracy of illicit SNAP EBT trafficking by exchanging cash for SNAP benefits contrary to federal law and 7 C.F.R. § 271.1.

*Id.* at ¶ 31.

9

> Between in or about October 2010 and in or about March 2018, approximately 64% of all of BCC's aforesaid SNAP EBT transactions were fraudulent. These fraudulent SNAP EBT transactions resulted in *Conduent* and *XTS* causing approximately $3,450,960.00 in interstate money wire transfers of U.S. Government funds being therefore deposited into BCC's said MainSource Bank account number xxxx-9510.

*Id.* at ¶ 34.

The remaining allegations have nothing to do with any criminal activity, and, in fact, only describe actions taken to run a legitimate business that accepts SNAP EBT benefits as payment for goods. The entirety of Count 2 (and the Superseding Indictment as whole, for that matter) begs the question – what does the government think MDB and BCC specifically did to violate the law? A defendant in a criminal case should never be asking that question because that should be clear from the indictment.

Here, it is entirely unclear what MDB and BCC are accused of specifically. Without that required specificity, Count 2 should be dismissed. At the very least a Bill of Particulars is required.

> 3. Counts 25-26, 29-30, and 32-38 should be dismissed because they lack the required specificity

Counts 25-26, 29-30, and 32-38 lack specificity as to the alleged falsehoods or concealments that form the basis for the charges. As set forth above, the elements of wire fraud are: (1) that the defendant devised or knowingly participated in a scheme to defraud in order to obtain money or property; (2) that the scheme included material misrepresentations or concealment of a material fact; (3) that the Defendant had the intent to defraud; and (4) that the defendant used wires in interstate commerce in furtherance of the scheme. *See Neder v. United*

*States,* 527 U.S. 1 (1999); *United States v. Gold Unlimited, Inc.,* 177 F.3d 472 (6th Cir. 1999); *United States v. Frost,* 125 F.3d 346 (6th Cir. 1999).

Where an alleged scheme to defraud is an element, the indictment must allege those representations or promises that the government claims are false. *See United States v. Curtis,* 506 F.2d 985, 989-990 (10th Cir. 1974) (collecting cases). It is not sufficient in this regard to simply plead the statutory language. *Id.* Here, there are no allegations regarding what specific statements were made that were allegedly false, by whom the statements were made, or when the statements were made. This is fatal. Accordingly, Counts 25-26, 29-30, and 32-38 should be dismissed. At the very least, a Bill of Particulars is required to properly inform MDB as to what fraudulent conduct he is accused.

### III.     CONCLUSION

Based on the foregoing, Counts 1 (Conspiracy to Commit Money Laundering), 2 (Conspiracy), and 25-26, 29-30, 32-38 (Wire Fraud) of the Superseding Indictment should be dismissed. Alternatively, the Court should order a Bill of Particulars.

Respectfully submitted,

*/s/ Benjamin G. Dusing*
Benjamin G. Dusing (0078572)
Stephanie Kessler (0092338)
FARUKI IRELAND COX RHINEHART & DUSING PLL
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0300
Email: bdusing@ficlaw.com
skessler@ficlaw.com

Attorneys for Michael D. Busch and Busch's Country Corner, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/ Benjamin G. Dusing*
Benjamin G. Dusing (0078572)