UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON




**United States of America**,

        *Plaintiff*,

v.                                                        Case No.   3:18-cr-79
                                                                   Judge Thomas M. Rose

**Michael D. Busch,** *et al.*,

        *Defendant*.

---

**ENTRY AND ORDER DENYING IN PART AND GRANTING IN PART MOTION OF DEFENDANT MICHAEL D. BUSCH AND BUSCH'S COUNTRY CORNER, INC., TO DISMISS COUNT ONE OF THE INDICTMENT OR IN THE ALTERNATIVE TO OBTAIN A BILL OF PARTICULARS WITH RESPECT TO COUNTS 1-2, 25-26, 29-30, AND 32-38. (ECF 23, 32). COUNTS 2, 25-26, 29-30, AND 32-38 ARE DISMISSED AND A BILL OF PARTICULARS IS ORDERED WITH REGARD TO COUNT 1.**

---

       This matter is before the Court for decision on Motion of Defendants, Michael D. Busch and Busch's Country Corner, Inc. and Motion to Dismiss Counts 1-2, 25-26, 29-30, and 32-38 of the Indictment, or in the alternative, for a Bill of Particulars. (ECF 32) Defendants claim that Count 2 is duplicitous and should be dismissed. Defendants also claim that the Indictment fails to state an offense as to the wire fraud allegations in Counts 25-26, 29-30, and 32-38, and that

the Indictment lacks the constitutionally required specificity as to all of the specified counts. In the alternative, Defendant petitions for a bill of particulars clarifying the indictment.

Count 2 of the indictment charges Michael D. Busch, Randall S. Busch, and Busch's Country Corner with violations of 18 U.S.C. §§ 371 and 1349. There is a wide disparity in the statutory maximum sentence for the two statutes: 5 years for § 371 and 20 years for § 1349.

An indictment must not be duplicitous, meaning that it may not join in a single count, two or more distinct and separate offenses. See *United States v. Hixon*, 987 F.2d 1261, 1265 (6th Cir. 1993) (citing *United States v. Duncan*, 850 F.2d 1104, 1108-09 n.4 (6th Cir. 1988)). A duplicitous indictment is not permitted because when two offenses are charged under a single count it is impossible to know whether the jury's verdict as to that count is as to one offense, or both. Id. Consequently, there is no way to know whether the verdict was unanimous, as required, as to each separate offense. See *United States v. Duncan*, 850 F.2d at 1108 n.4. Additionally, a duplicitous indictment may result in improper notice of the charges against the defendant, and prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, and in exposure to double jeopardy. Id.

Count 2 alleges violations of two separate conspiracy statutes - 18 U.S.C. § 371 and 18 U.S.C. § 1349. Alleging a conspiracy under both 18 U.S.C. § 371 and 18 U.S.C. § 1349 in a single count is impermissibly duplicitous. See *United States v. Barrington*, 648 F.3d 1178, 1189-90 (11th Cir. 2011). Defendants' motion to dismiss Count 2 will be granted.

Defendants also seek dismissal of Counts 25-26, 29-30, and 32-38 alleging they lack any allegation of "materiality" or that wire transfers were "in furtherance" of fraud. Materiality of an alleged falsehood is a required element of wire fraud. See *Neder v. United States*, 527 U.S. at

24 (holding that materiality of falsehood is an element of the wire fraud statute). Because materiality is an element of wire fraud, materiality must be alleged in the indictment. See *United States v. Omer*, 395 F.3d 1087, 1089 (9th Cir. 2005); *United States v. Grace*, 429 F. Supp.2d 1207, 1246 (D. Mont. 2006). Failure to allege materiality is a fatal flaw requiring dismissal. See *United States v. Omer*, 395 F.3d at 1089 (reversing a judgment of conviction because the district court erred in denying defendant's motion to dismiss indictment that failed to allege materiality); *United States v. Grace*, 429 F. Supp.2d at 1246 (granting motion to dismiss due to lack of materiality allegation). Because they lack allegations as to the materiality of the alleged falsehoods or concealments, Counts 25-26, 29-30, and 32-38 fail to state a wire fraud offense and will therefore be dismissed.

Additionally, Counts 25-26, 29-30, and 32-38 fail to allege that the wires in question were "in furtherance" of the alleged scheme. The required elements of wire fraud also include that the wire transactions be "in furtherance" of the scheme to defraud. Paragraph 43 alleges acts in "furtherance" of Count 2, but nothing in Counts 25, 26, 29, 30 or 32-38 allege that the wire transfers were in "furtherance" of the fraud.

There is nothing illegal about causing wire transfers to occur, and fraud is not a federal crime. Indeed, it is only when wire transfers are made "in furtherance of" fraud, that the Commerce Clause allows federal jurisdiction of this crime. *United States v. Lindemann*, 85 F.3d 1232, 1241 (7th Cir. 1996). The government regularly fulfills this pleading requirement. See, e.g., *United States v. Ogbazion*, 3:15-cv-104, ECF6, PageID 60, ¶ 54 (S.D. Ohio 2015) ("In furtherance of, and for the purpose of executing such scheme and artifice to defraud,")(charging violation of 18 U.S.C. § 1343). Absent allegations that wire transfers were made "in furtherance

3

of" the fraud, the Superseding Indictment fails to state a wire fraud offense, and for this reason as well, those counts will be dismissed. See *United States v. Maze*, 414 U.S. 395, 399-400 (1974); *United States v. Webb*, 24 F. Supp.3d 432, 438 (M.D. Pa. 2014).

The Federal Rules of Criminal Procedure require an indictment to include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Correspondingly, the Sixth Circuit has provided clear guidance as to whether an indictment is sufficient. Specifically, a sufficient indictment "(1) set[s] out all of the elements of the charged offense and . . . give[s] notice to the defendant of the charge he faces; and (2) [is] sufficiently specific [so as] to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (citing *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005)); *United States v. Cobb*, 397 Fed. Appx. 128, 137 (6th Cir. 2010).

In addition, Defendant moves this Court for an order directing the Government to file a bill of particulars. The Federal Rules of Criminal Procedure permit the court to direct the government to file a bill of particulars. Fed. R. Crim. P. 7(f). The final decision to render a bill of particulars is left to the discretion of the trial court. *United States v. Slaisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). An order requiring a bill of particulars is appropriate when the bill minimizes surprise, assists the defendant in preparing a defense, and helps to preclude a second prosecution for the same crimes. *United States v. Vassar*, 346 Fed. Appx. 17, 21 (6th Cir. 2009) (quoting *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004)).

As the Government has rightfully explained, a bill of particulars is not a means to obtain all the evidence held by the government before trial, and it is not a way for the defense to

become versed in the prosecution's theory of the case. *Id.*; *United States v. Jones*, 678 F. Supp. 1302, 1304 (S.D. Oh. 1988); *Salisbury*, 983 F.2d at 1375. Moreover, the bill should not be issued so as to provide details of the conspiracy, or learn of every overt act the prosecution intends to prove at trial. *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004); *Salisbury*, 983 F.2d at 1375.

However, an indictment must be specific enough that the defendant knows what he is charged with and how to defend himself. See *United States v. Levinson*, 405 F.2d 971, 977 (6th Cir. 1968) ("First, an indictment must inform the accused of the nature of the charges against him, with such specificity and particularity that the accused is enabled to undertake and prepare an adequate defense.") (citing *United States v. Debrow*, 346 U.S. 374 (1953); *Hagner v. United States*, 285 U.S. 427 (1932); *Russell v. United States*, 369 U.S. 749 (1962); *Hamling v. United States*, 418 U.S. 87 (1974)) ("Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.") (internal citations omitted).

In Count 1 of the Indictment, Michael D. Busch and Busch's Country Corner are charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The elements of conspiracy to commit money laundering are: (1) that two or more persons conspired to commit the crime of money laundering; and (2) the defendant knowingly and voluntarily joined the conspiracy. See *United States v. Harrison*, 663 F. App'x 460, 465 (6th Cir. 2016) (citing *United States v. Prince*, 618 F.3d 551, 553-54 (6th Cir. 2010)).

The Indictment states that the Defendants "engaged in financial transactions that, in fact,

5

involved the proceeds of specified unlawful activity, with the intent to promote the carrying on of certain specified unlawful activities, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2."

The type of money laundering alleged is referred to as "promotional money laundering" - meaning that the defendant conducted a financial transaction that involved the proceeds of unlawful activity, knowing that the property involved was proceeds of unlawful activity, and intended to promote that unlawful activity." See *United States v. Miller*, 562 Fed. App'x 272, 296 (6th Cir. 2014). The "paradigmatic" example of this crime is a drug dealer using proceeds from one transaction to buy more drugs to sell. Id. (citing *United States v. Warshak*, 631 F.3d 266, 317 (6th Cir. 2010)).

The Indictment, however, lacks any facts regarding how the alleged proceeds of unlawful activity were used to "promote" that unlawful activity. There are no specific allegations as to how the alleged proceeds of unlawful activity were used, including as to how they were used in promotion of further unlawful activity. The lack of specificity matters because when proceeds of fraudulent transactions are used to pay the operating expenses of an otherwise legitimate business, there is no promotional money laundering. See *United States v. Miles*, 360 F.3d 472, 477 (5th Cir. 2004); *United States v. Martinelli*, 454 F.3d 1300, 1318 (11th Cir. 2006). Absent any specific factual allegations regarding the use of the funds and how that use was supposedly in promotion of further unlawful activity, Michael D. Busch and Busch's Country Corner cannot "undertake and prepare an adequate defense." As such, the Indictment is constitutionally defective as to Count 1. To cure this, the Court will order a Bill of Particulars.

**III.    Conclusion**

Because Count 2 is duplicitous, it is **DISMISSED**. Because Counts 25-26, 29-30, and 32-38 fail to allege materiality or that wire transfers were "in furtherance of" fraud, they are **DISMISSED**. Because Count 1 lacks specificity as to how proceeds of the alleged fraud were laundered to promote the scheme, the government is ordered to file a bill of particulars with regard to it.

**DONE** and **ORDERED** in Dayton, Ohio on Thursday, October 25, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE