**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**United States of America**,

                    *Plaintiff*,

**v.**                                                   **Case No. 3:18-cr-079**
                                                      **Judge Thomas M. Rose**

**Michael D. Busch,** *et al.*,

                    *Defendant*.

---

**ENTRY AND ORDER GRANTING IN PART MOTION TO DISMISS, OR IN THE ALTERNATIVE TO OBTAIN A BILL OF PARTICULARS BY DEFENDANT AMANDA JO BUSCH, MICHAEL D. BUSCH AND BUSCH'S COUNTRY CORNER, INC. (ECF 62).   COUNT I OF THE SECOND SUPERSEDING INDICTMENT IS DISMISSED WITH PREJUDICE.   THE MOTION IS DENIED IN ALL OTHER REGARDS.**

---

This matter is again before the Court for decision on a Motion to Dismiss, or in the

alternative, for a bill of particulars by Defendants, Amanda Jo Busch, Michael D. Busch and

Busch's Country Corner, Inc. (ECF 62)   Defendants claim that Counts 1, 2, 25-26, 29-30, and

32-38 of the Second Superseding Indictment lacks the constitutionally required specificity and

that the Government has not adequately complied with an earlier order to provide a bill of

particulars.   In the alternative, Defendant petitions for a bill of particulars clarifying the

1

indictment.

A federal court's authority to dismiss an indictment stems from its supervisory powers. See *United States v. Williams*, 504 U.S. 36, 46 (1992).   Refusal to dismiss an indictment is reviewed for abuse of discretion. *United States v. Lee*, 359 F.3d 412, 417 (6th Cir. 2004). *United States v. Matsa*, 540 F. App'x 520, 524 (6th Cir. 2013).

The Federal Rules of Criminal Procedure require an indictment to include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).   Correspondingly, the Sixth Circuit has provided clear guidance as to whether an indictment is sufficient.   Specifically, a sufficient indictment "(1) set[s] out all of the elements of the charged offense and . . . give[s] notice to the defendant of the charge he faces; and (2) [is] sufficiently specific [so as] to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (citing *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005)); *United States v. Cobb*, 397 Fed. Appx. 128, 137 (6th Cir. 2010).

Alternatively, Defendant moves this Court for an order directing the Government to file a bill of particulars.   The Federal Rules of Criminal Procedure permit the court to direct the government to file a bill of particulars. Fed. R. Crim. P. 7(f).   The final decision to render a bill of particulars is left to the discretion of the trial court. *United States v. Slaisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).   An order requiring a bill of particulars is appropriate when the bill minimizes surprise, assists the defendant in preparing a defense, and helps to preclude a second prosecution for the same crimes. *United States v. Vassar*, 346 Fed. Appx. 17, 21 (6th Cir. 2009) (quoting *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004)).

2

A bill of particulars is not a means to obtain all the evidence held by the government before trial, and it is not a way for the defense to become versed in the prosecution's theory of the case. *Id.*; *United States v. Jones*, 678 F. Supp. 1302, 1304 (S.D. Oh. 1988); *Salisbury*, 983 F.2d at 1375.    Moreover, the bill should not be issued so as to provide details of the conspiracy, or learn of every overt act the prosecution intends to prove at trial. *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004); *Salisbury*, 983 F.2d at 1375.

However, an indictment must be specific enough that the defendant knows what he is charged with and how to defend himself. See *United States v. Levinson*, 405 F.2d 971, 977 (6th Cir. 1968) ("First, an indictment must inform the accused of the nature of the charges against him, with such specificity and particularity that the accused is enabled to undertake and prepare an adequate defense.") (citing *United States v. Debrow*, 346 U.S. 374 (1953); *Hagner v. United States*, 285 U.S. 427 (1932); *Russell v. United States*, 369 U.S. 749 (1962); *Hamling v. United States*, 418 U.S. 87 (1974)) ("Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.") (internal citations omitted).

Count 1 of the Second Superseding Indictment charges Amanda Jo Busch, Michael D. Busch, Randall S. Busch, Amanda Jo Busch and Busch's Country Corner with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).    More precisely, the Second Superseding Indictment alleges a conspiracy to violate 18 U.S.C. § 1956(a)(1)(A)(i), a type of money laundering referred to as "promotional money laundering" — meaning that the defendant conducted a financial transaction that involved the proceeds of unlawful activity, knowing that

3

the property involved was proceeds of unlawful activity, and intended to promote that unlawful activity." See *United States v. Miller*, 562 Fed. App'x 272, 296 (6th Cir. 2014).   The "paradigmatic" example of this crime is a drug dealer using proceeds from one transaction to buy more drugs to sell. Id. (citing *United States v. Warshak*, 631 F.3d 266, 317 (6th Cir. 2010)). The Court has previously dismissed Count I for failure to allege facts that would constitute promotion of unlawful activity. See *United States v. Busch*, No. 3:18-CR-79, 2018 WL 5312759, at *3 (S.D. Ohio Oct. 25, 2018)

The Second Superseding Indictment, however, continues to lack any allegations regarding how the alleged proceeds of unlawful activity were used to promote unlawful activity. The lack of specificity matters because when proceeds of fraudulent transactions are used to pay the operating expenses of an otherwise legitimate business, there is no promotional money laundering. See *United States v. Miles*, 360 F.3d 472, 477 (5th Cir. 2004); *United States v. Martinelli*, 454 F.3d 1300, 1318 (11th Cir. 2006).   Absent any factual allegations regarding the use of the funds and how that use was supposedly in promotion of further unlawful activity, Amanda Jo Busch, Michael D. Busch and Busch's Country Corner cannot "undertake and prepare an adequate defense."   As such, the Indictment is constitutionally defective as to Count 1.

To cure this, the Court previously ordered a bill of particulars.   The Government has failed to provide such detail, either in a bill of particulars, or in either superseding indictment. The Court concludes that this is because the Government is unable to do so.   Thus, Defendant's motion will be granted with prejudice with regard to Count I.

Defendants also seek a bill of particulars as regards Count II.   Defendants urge the Court

4

to review their prior motion seeking dismissal due to duplicity, ECF 32, as a basis for this request.   Defendants' prior motion, however, when discussing Count II, addressed only the duplicity of the charge, which the Government has cured.   Defendants advance no basis for this request and it will be denied.

Finally, Defendants make a cursory assertion that Counts 25-26, 29-30, and 32-38 of the Second Superseding Indictment should be dismissed for failing to allege that Defendants' fraud was material.   The Government has cured this shortcoming and this portion of the motion will be denied.

**Conclusion**

Because Count 1 continues to fail to allege that any money laundering on Defendants' behalf promoted a criminal enterprise, it is **DISMISSED WITH PREJUDICE**.   Because deficiencies in Count II have been cured, there is no need of a bill of particulars with regard to it, and this part of Defendants' motion is **DENIED**.   Because Counts 25-26, 29-30, and 32-38 allege materiality and that wire transfers were "in furtherance of" fraud, this part of Defendants' motion is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio on Tuesday, May 28, 2019.


s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

5