# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:18-cr-00079 |
| v. | : | Judge Thomas M. Rose |
| MICHAEL D. BUSCH (1), BUSCH'S COUNTRY CORNER, INC. (3), and AMANDA JO BUSCH (4), | : | |
| Defendants. | : | |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture (Doc. 134), and the Court's review of the evidence in the record and the parties' recent submissions following the September 8, 2020 hearing (Docs. 137 and 138), the Court HEREBY FINDS THAT:

On February 28, 2019, a federal grand jury returned a 42-count Second Superseding Indictment charging, in relevant part, defendants Michael D. Busch, Busch's Country Corner, Inc. (hereinafter "BCC"), and Amanda Jo Busch in Count 2 with conspiracy to commit SNAP fraud in violation of 7 U.S.C. § 2024(b), theft of government property in violation of 18 U.S.C. § 641, submitting false claims to the United States in violation of 18 U.S.C. § 287, and wire fraud in violation of 18 U.S.C. § 1343, all in violation of 18 U.S.C. § 371. Counts 5, 6, 9, 10, and 12-18 charged Michael D. Busch with SNAP fraud in violation of 7 U.S.C. § 2024(b), and Counts 25, 26, 29, 30, and 32-38 charged Michael D. Busch with wire fraud in violation of 18 U.S.C. § 1343.

Forfeiture allegations in the Second Superseding Indictment provided notice to the

1

defendants that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to the violations and that the United States would seek the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

On June 21, 2019, the jury returned verdicts finding defendant Michael D. Busch guilty on Counts 2, 5, 6, 9, 10, 12-18, 25, 26, 29, 30, and 32-38 of the Second Superseding Indictment. The jury also found defendants BCC and Amanda Busch guilty on Count 2 of the Second Superseding Indictment.

The parties agreed that the Court would make the forfeiture determinations. *See* Fed. R. Crim. P. 32.2(b)(1).

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1), the Court finds that the defendants obtained proceeds in the amount of $87,192 from the conspiracy to commit SNAP fraud and wire fraud as set forth in Count 2 of the Second Superseding Indictment and from defendant Michael D. Busch's commission of wire fraud as set forth in Counts 25, 26, 29, 30, and 32-38 of the Second Superseding Indictment. The Court explained its basis for determining that amount during the September 8, 2020 hearing.[1] (*See also* Doc. 110 at PAGEID # 1254-55; Doc. 127 at PAGEID # 2248.) The Court finds that forfeiture is mandatory and appropriate in this case, in accordance with 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. 1956(c)(7)(D), 18 U.S.C. § 1956(c)(7)(A), 18 U.S.C. § 1961(1)(B), 7 U.S.C. § 2024, 18 U.S.C. § 371, and 18 U.S.C. § 2461. *See also United States v. Schwartz*, 503 F. App'x 443, 448-49 (6th Cir. 2012) (citing *United States*

---

[1] Given the circumstances, the Court has issued this Preliminary Order of Forfeiture as soon as was practical, which follows the Court's September 8, 2020 hearing and the parties' submissions on the issue of forfeiture (Docs. 137 and 138). In accordance with Fed. R. Crim. P. 32.2(b)(2)(B), the parties may suggest revisions or modifications to this order prior to sentencing.

*v. Boring*, 557 F.3d 707, 714 (6th Cir. 2009)); *United States v. Taylor*, 582 F.3d 558, 566 (5th Cir. 2009) (cited favorably in *Schwartz*) (holding that the district court properly adhered to the mandatory language found within the statutory scheme).

The defendants commingled their legitimate proceeds with their fraudulent proceeds, and those amounts cannot be divided without difficulty. Therefore, in accordance with 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2(e), the United States is entitled to the forfeiture of the following property (hereinafter the "substitute assets") because one or more of the conditions in 21 U.S.C. § 853(p) have been met:

    a.    $87,192.00 in U.S. Currency.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Personal money judgments, each in the amount of $87,192.00, are entered against defendants Michael D. Busch, BCC, and Amanda Jo Busch pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States shall give the defendants credit for amounts paid on their money judgments by any other defendant to avoid multiple recoveries.

2. All right, title, and interest in the substitute assets is condemned and forfeited to the United States pursuant to 21 U.S.C. § 853(p).

3. The United States is authorized to seize the substitute assets, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the defendants or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

4. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any

person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

5. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

6. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendants, asserting a legal interest in the substitute assets, who wishes to contest the forfeiture of the subject assets must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the substitute assets.

7. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

8. The United States shall have clear title to the substitute assets following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

9. This Preliminary Order of Forfeiture is final as to the defendants and shall be made

part of their sentences and included in their Judgments.  This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

      10.     The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

      **DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 18, 2020.

                                                    s/Thomas M. Rose

                                               THOMAS M. ROSE
                                       UNITED STATES DISTRICT JUDGE